UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARLENE HENDERSON, THE ESTATE OF EDYTH HENDERSON, and THE ESTATE OF JOSEPH HENDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, THE SANTA CRUZ COUNTY SHERIFF'S DEPARTMENT, THE SANTA CRUZ COUNTY HEALTH SERVICES AGENCY, and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. 14-CV-03544<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re Docket No. 7] |

Defendants, the County of Santa Cruz, The Santa Cruz County Sheriff's Department and the Santa Cruz County Health Services Agency (collectively, "County" or "County Defendants") move to dismiss the complaint of plaintiffs Marlene Henderson, The Estate of Edyth Henderson and The Estate of Joseph Henderson's (collectively, "plaintiffs") under Federal Rules of Civil Procedure §§ 12(b)(1) and 12(b)(6). For the reasons explained below, the court grants the motion to dismiss as to the federal cause of action and gives plaintiffs thirty days leave to amend.

# I. Background

## A. Factual Background

As alleged in the complaint, plaintiff Marlene Henderson is the surviving daughter of decedents Edyth and Joseph Henderson. Dkt. No. 1-1, Cmplt. at 1. On June 30, 2013 Edyth and Joseph were both murdered by their son, James Henderson. *Id.* at 3. James Henderson was previously housed in the Santa Cruz County Jail Mental Health Unit. *Id.* Prior to his release from jail, Edyth and Marlene both asked for James to be released to a mental health facility, because James suffered from "paranoid schizophrenia, agoraphobia, and antisocial personality disorder." *Id.* James had also made threats against Edyth, Joseph, and Marlene.

Both Edyth and Marlene were "assured" by the County that James would be released from jail into a mental health program. *Id.* at 4. They also requested to be notified when James was released. *Id.*

James was released from jail one month early, and the Henderson family was not notified. Although not alleged, the County represents that James was released on February 11, 2013. DKt. No. 7 at 3 n.1. James was not released into any mental health program. *Id.* James then killed his parents in their home. Complt. at 4.

## B. Procedural Background

Plaintiffs filed a complaint alleging five causes of action in Santa Cruz County Superior Court. Dkt. No. 1-1. Plaintiffs alleged (1) wrongful death, (2) negligent infliction of emotional distress, (3) negligent hiring, training, and supervision, (4) negligence, failure to warn, and (5) a 42 U.S.C. § 1983 claim based on a 14th amendment right to familial relationships.

Defendants removed the case to federal court based on the § 1983 claim and then moved to dismiss. Dkt. No. 1 (Notice of Removal); Dkt. No. 7 (Motion to Dismiss).

# II. Analysis

## A. Section 1983 Claim

"To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir.

2011). County claims that the actor that caused plaintiffs' harm, James Henderson, is not a state actor and that the actions taken by the state actors in this case did not deprive the plaintiffs of any federal constitutional or statutory right.

Furthermore, the § 1983 claim is made against the county which would require a *Monell* claim identifying a challenged policy, or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978). Plaintiffs' argue that they alleged a "custom and policy" of deliberate indifference to the threat of James while he was in custody of the County. Dkt. No. 14 at 9.

This is not the type of policy envisioned by *Monell*, and it is not adequately pled in the complaint. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Furthermore, allegations of random acts, or single instances of misconduct, are insufficient to establish a municipal custom. *See Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Plaintiffs cannot state a *Monell* claim based on a policy of deliberate indifference to the threat of a single person. Accordingly, the court dismisses this claim for failure to state a cause of action, with twenty days leave to amend.

### B. Supplemental Jurisdiction Over Remaining State Law Claims

Having dismissed the only federal claim, which formed the basis for this court's jurisdiction over this case, the court considers whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). Subsection (c)(3) allows the court to "decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

Here, plaintiffs originally filed in state court, no substantial proceedings have taken place, and the case involves the interaction of numerous state statutes. Therefore, if plaintiffs do not elect to amend, or do not successfully amend to allege a federal claim, the court, in its discretion, will decline to exercise supplemental jurisdiction and will remand the case to the state court. *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed

before trial, state law claims should also be dismissed); *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 636 (2009) (discussing appellate review of an order to remand following decision not to exercise jurisdiction over state law claims under 28 U.S.C. § 1367(c)).

### III.  Order

For the reasons explained above, the court grants in part the motion to dismiss. Plaintiffs may file an amended complaint, sufficiently alleging a federal claim, by November 17, 2014.

Dated: October 17, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge