UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE HENDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>Defendants. | Case No. 14-cv-03544-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: Dkt. No. 108 |

James Henderson, a former inmate at the Santa Cruz County Jail Mental Health Unit, murdered his parents Joseph and Edyth Henderson sometime after he was released from jail. In this action, Marlene Henderson, James's sister and daughter of Joseph and Edyth, alleges that various Santa Cruz County municipal agencies acted wrongfully in releasing James Henderson. This case was originally stayed pending the outcome of the criminal case. The stay was lifted once James Henderson was convicted of two counts of first degree murder with special circumstances. Parties are now in the midst of discovery and dispute over requests that would require defendants to produce the medical and health records of James Henderson.

Defendants believe that they cannot produce the medical and mental health records of James Henderson without his authorization or a court order. Plaintiffs contend that James Henderson lacks the capacity to consent to the release of his records by reason of his severe mental disabilities, which was alleged in his criminal trial to be the impetus of his murder of his parents. Instead, they argue that defendants are still required to produce the requested records because the parties have entered into a qualified protective order.

Plaintiffs point to the applicable provisions of the federal Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512(e). Section 164.512 subsection (e) of

HIPAA allows disclosure of information in the course of judicial and administrative proceedings. Disclosures may be compelled "[i]n response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal," if *either* the individual whose information has been requested has been given notice of the request *or* reasonable efforts have been made by the requesting party to secure a "qualified protective order." *See* 45 C.F.R. § 164.512(e)(ii)(A)-(B).

A qualified protective order is defined as "an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding" that meets the following two requirements:

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(v).

Here, parties have agreed to a protective order. [Dkt. No. 81]. Section 7.1 of the protective order satisfies the first requirement as it limits the use of protected material disclosed or produced in this case for litigation purposes only. Section 13 satisfies the second requirement because it details the process at final disposition, particularly that "each Receiving Party must return all Protected Material to the Producing Party or destroy such material." Notably, under section 14, parties have already "agree[d] that all documents produced by Defendant County of Santa Cruz containing James Henderson's medical, mental health or other sensitive information shall be designated as 'CONFIDENTIAL' under this Protective Order and handled accordingly."

Therefore, I find that HIPAA does not preclude production of the medical and mental health records because the protective order adequately safeguards James Henderson's privacy rights. *See, e.g.*, *Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N.D. Cal. 2003) (ordering municipality entity to produce medical and workers' compensation files of police officer in civil rights suit because there was already a protective order in the case that adequately protected police officer's privacy); *Allen v. Woodford*, No. CVF051104OWWLJO, 2007 WL 309485, at *5 (E.D. Cal. Jan. 30, 2007) (45 CFR § 164.512(e) permits the disclosure of third-party medical records

covered by HIPPA so long as there is a satisfactory protective order in place); *Mayfield v. Orozco*, No. 2:13-CV-02499 JAM AC, 2016 WL 8731367, at *3 (E.D. Cal. July 1, 2016) (ordering production of documents and responses to interrogatories subject to a HIPAA-compliant protective order).[1]

IT IS HEREBY ORDERED that defendants produce to plaintiff within 20 days of this Order the requested medical and mental health records, in accordance with the HIPAA-compliant protective order in this case. Plaintiffs also seek an order for production for other categories of documents that defendants previously agreed to produce. Defendants indicate that they will produce them on or before May 1, 2020.

**IT IS SO ORDERED.**

Dated: April 6, 2020

William H. Orrick
United States District Judge

---

[1] Defendants' cite to the five-factor test in *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 553 (9th Cir. 2004) is inapposite. The Ninth Circuit in that case was evaluating whether a particular state statutory scheme regulating abortion clinics violated the Fourth and Fourteenth Amendment rights of physicians. The five-factor test was used to determine whether the governmental interest in obtaining information outweighed the individual's privacy interest. By contrast, the relevant question here is whether a government entity can produce medical and mental health records of a third-party.